# United States Court of Appeals for the Fifth Circuit

_____

No. 23-10639
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
February 15, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

David Thomas Overman,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CR-90-1

_____

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

David Thomas Overman appeals his guilty plea conviction for being a felon in possession of a firearm. Overman contends that the district court erred by accepting his guilty plea because 18 U.S.C. § 922(g) requires more than the mere prior movement of a firearm in interstate commerce to satisfy the statute's jurisdictional nexus; exceeds Congress's Commerce Clause

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

power; and was rendered unconstitutional by the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He further argues that the district court plainly erred by failing to inform him, under Federal Rule of Criminal Procedure 11(b)(1)(G), of § 922(g)'s unconstitutionality.

Because Overman did not object to the district court's acceptance of his guilty plea, let alone on any of the bases he pleads on appeal, review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 134 (2009); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). To show plain error, Overman must, relevantly, identify (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights. *See Puckett*, 556 U.S. at 135.

Overman fails to make the requisite showing. He cites no binding authority for his arguments that satisfying § 922(g)'s interstate-commerce nexus requires more than a simple admission that the firearm in question travelled in interstate commerce—a fact he admitted in pleading guilty—or that § 922(g) exceeds Congress's authority under the Commerce Clause. A "lack of binding authority is often dispositive in the plain-error context." *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015). To the contrary, both this court and the Supreme Court have rejected such arguments. *See Scarborough v. United States*, 431 U.S. 563, 575 (1977); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). Overman similarly cites no authority from this court or the Supreme Court holding § 922(g) to be unconstitutional, either facially or as applied, in light of *Bruen*. *See Gonzalez*, 792 F.3d at 538. Thus, whether the district court erred in light of *Bruen* is, at best, subject to reasonable dispute. "By definition, that is not plain error." *United States v. Broussard*, 669 F.3d 537, 550 (5th Cir. 2012). We recently applied this standard directly to § 922(g) holding that applying this statute is not plain error. *See United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023).

No. 23-10639

Lastly, Overman cites no authority requiring a district court, under Rule 11(b)(1)(G), to advise a defendant of the actual or potential unconstitutionality of the statute to which he is pleading. *See Gonzalez*, 792 F.3d at 538. Rule 11(b)(1)(G)'s requirement that defendants understand the "nature of the charge" against them "refers to the elements of the offense." *United States v. Lujano-Perez*, 274 F.3d 219, 224 (5th Cir. 2001). In pleading guilty, Overman confirmed that he understood the elements of a § 922(g) offense. He thus fails to show error, let alone clear or obvious error.

We AFFIRM the judgment.